**UNITED STATES of America,**
**Appellant,**

v.

**QUEEN'S COURT APARTMENTS, INC.,**
**Appellee.**

**No. 17305.**

United States Court of Appeals
Ninth Circuit.

March 29, 1961.

William H. Orrick, Jr., Asst. Atty. Gen., John G. Laughlin and Herbert E. Morris, Attys., Dept. of Justice, Washington, D. C., for appellant.

Lycette, Diamond & Sylvester and Herman Howe, Seattle, Wash., for appellee.

Before HAMLEY, HAMLIN and MERRILL, Circuit Judges.

PER CURIAM.

On December 30, 1960, the United States District Court for the District of Alaska rendered a judgment on a promissory note in the sum of $926,076.-31, including interest, in favor of the United States of America, appellant herein, and against Queen's Court Apartments, Inc., a corporation, appellee herein.

The said judgment decreed that a certain real and chattel mortgage dated February 29, 1952, securing said note, was a valid and subsisting lien upon certain mortgaged premises described therein and situated in Fairbanks, Alaska; and decreed that said real and chattel mortgage be foreclosed, and that the mortgaged premises be sold and the proceeds of said sale applied to the satisfaction of appellant's judgment.

The judgment of the district court, after decreeing foreclosure and sale, con-

tained the following additional paragraph:

"It is further ordered, adjudged and decreed that before execution may be had on this judgment, the plaintiff United States of America must pay over to the defendant Queen's Court Apartments, Inc., the moneys on deposit in the reserve fund amounting to $27,213.32."

On February 17, 1961, appellant filed a motion in the district court for the appointment of a receiver to take possession of the subject property of the action, together with the rents, issues and profits thereof, and the fixtures, appurtenances and all related facilities in connection therewith, and to manage, rent, lease, repair, maintain and generally supervise the operation of said subject property under the supervision of the court, or that in the alternative the district court grant an order restraining the expenditure of rents except for the normal operation. The motion further alleged:

"A period of time will elapse before the property can be sold and the interest of the government should be protected during this period."

Before a hearing was had upon said motion, appellant, upon February 21, 1961, objecting to the additional paragraph in the judgment set out above, filed a notice of appeal to this court from the judgment theretofore entered by the district court.

When the motion came on for hearing on March 3, 1961, the district court denied the motion for a receiver upon the basis that the district court had lost jurisdiction by reason of the appeal having been filed by appellant.

Thereafter, on March 17, 1961, appellant filed in this court a motion for appointment of a receiver pending appeal or in the alternative an order restraining the expenditure of rents pending appeal.

In support of the motion filed by the appellant in the district court and the motion filed by appellant in this court for a receiver, appellant filed certain affidavits and the appellee filed counter-affidavits.

From these affidavits on file certain uncontradicted facts appear. It appears that the mortgaged premises consist of an apartment house property containing 73 apartments; 45 of these units are unoccupied. As of February 24, 1961, the FHA had advanced in payment of taxes and fire insurance approximately $30,000, although under the terms of the mortgage appellee was responsible for the payment of these items. Affidavits of appellant, uncontradicted by appellee, show that certain of the buildings in the apartment house project were in need of repair, that roofs leaked, floors had shrunk badly, and that many of the units required redecorating. It was also shown by government affidavit uncontradicted by appellee that as of the same date the fair market value of the property was $570,000, which is some $350,-000 less than the amount of the court's judgment.

The mortgage executed by appellee contained the clause set out in the footnote.[1]

---

1. "That the holder of this mortgage, in any action to foreclose, shall be entitled to the appointment of a receiver of the rents and profits of the mortgaged premises as a matter of right and without notice, with power to collect the rents, issues, and profits of said mortgaged premises, due and becoming due during the pendency of such foreclosure suit, such rents and profits being hereby expressly assigned and pledged as additional security for the payment of the indebtedness secured by this mortgage, without regard to the value of the mortgaged premises or the solvency of any person or persons liable for the payment of the mortgage indebtedness. The Mortgagor * * * hereby waives any and all defenses to the application for a receiver as above and * * * consents to such appointment without notice, but nothing herein contained is to be construed to deprive the holder of the mortgage of any other right, remedy, or privilege it may now have under the law to have a receiver appointed."

One affidavit filed by appellant contained the following statement: "That a conservative estimate of the cost of bringing all the units into first class rental shape is one hundred four thousand six hundred and twenty dollars ($104,620.00)."

The complaint for the foreclosure of the mortgage in question was filed in the district court on September 4, 1958. The trial of the case was had on November 9, 1960, and judgment rendered on December 30, 1960. The pendency of the present appeal prevents foreclosure and sale until the question involved upon the present appeal (the disposition of the funds in reserve fund) is determined.

It appears that considerable time will elapse pending the preparation and hearing of the appeal in this court, no record or briefs having yet been filed.

As this court said in View Crest Garden Apartments, Inc. v. United States, 9 Cir., 1960, 281 F.2d 844, 849:

"We think impossibility or impracticability of prompt foreclosure, irrespective of the fault therefor, is a circumstance proper for consideration, * * *."

From a consideration of the uncontradicted facts set forth in the affidavits, including the inadequacy of the security, the physical condition of the property, the large number of unrented apartments, and the prospect of further delay during appeal, it appears to us that the appointment of a receiver to collect the rents, issues and profits pending the disposition of the appeal in this court is proper.

Accordingly, the case is remanded to the district court with directions to appoint a receiver of the mortgaged premises with power to collect the rents, issues and profits and to pay the taxes, insurance and necessary maintenance under the supervision of the district court. It is further ordered that the district court shall have continuing jurisdiction over said receivership during the pendency of the appeal in this court from the judgment heretofore rendered.